## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAROLYN M. SANTANA,<br><br>           Plaintiff,<br>  v.<br><br>CAMDEN COUNTY JAIL,<br><br>           Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06484 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Charolyn M. Santana, Plaintiff Pro Se
433 N. 7th Street, Apt 4P
Camden, NJ 08102

**SIMANDLE, District Judge:**

    1.    Plaintiff Charolyn M. Santana seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the Court will grant her application to proceed *in forma pauperis*.

    2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii), except that claims relating to conditions of confinement arising prior to October 4, 2014, are dismissed with prejudice.

**Claims Against CCJ: Dismissed With Prejudice**

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived [her] of a federal right; and (2) the person who deprived [her] of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

2

under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6. Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

7. Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

### Conditions Of Confinement Claims: Dismissed Without Prejudice

8. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

11. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12. However, with respect to the alleged facts giving rise to Plaintiff's claims, the present Complaint states: "2008-2016 lack of medical, no sanitary supplies. 2008-2016 COs discussing other inmates issues. No hot water. 2015 was almost mazed [sic] by Sargent while having a[n] asthma attach because I was telling them I need medical ASAP." Complaint § III(C).

13. Plaintiff states this occurred on August 23, 2015 at 9am, August 19 to September 7, 2015, April 12 to June 12, 2016, as well as 2008, 2009 and 2010. *Id*. § III(B)

14. Plaintiff left the injury section of her complaint blank. *Id*. § IV.

15. With respect to requested relief, Plaintiff requests that the state fix the issues in the jail. *Id*. § V.[4]

---

[4] Given Plaintiff's reference to the "class action lawsuit" (Complaint § VI), the Court advises Plaintiff that she is one of thousands of members of a certified class in a case on this Court's docket captioned *Dittimus-Bey, et al. v. Taylor, et al.*, Civil Action No. 1:05-cv-0063-JBS, United States District Court for the District of New Jersey. The class plaintiffs are all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until the present time. The *Dittimus-Bey* class of plaintiffs seeks injunctive and declaratory relief concerning allegedly unconstitutional conditions of confinement at the CCCF involving overcrowding. The *Dittimus-Bey* class action does not involve money damages

16. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17. Plaintiff's remaining allegations also are insufficient to set forth a *prima facie* case under § 1983. Plaintiff offers vague and cursory allegations about "lack of medical," "no sanitary supplies," "no hot water," and "almost being mazed [sic]." Plaintiff does not offer further explanation about any of these complaints to allow this Court to assess whether there was a constitutional violation. These allegations essentially complain "of an inconvenient and uncomfortable situation"; however, "'the Constitution does not mandate comfortable prisons.'" *Carson v. Mulvihill*, 488 F. App'x 554,

---

for individuals. Various measures undertaken pursuant to the Court-approved Second and Third Consent Decrees have reduced the CCCF jail population to fewer prisoners than the intended design capacity for the jail, thereby greatly reducing or eliminating triple and quadruple bunking in two-person cells; these details are further explained in the Final Consent Decree, which would continue those requirements under Court supervision for two more years. This class action did not provide monetary compensation to the class members. The settlement did not bar any individual class member from seeking money damages in an individual case.

560 (3d Cir. 2012) (citing *Rhodes,* 452 U.S. at 349); *see also*, *Marnin v. Pinto*, 463 F.2d 583, 584 (3d Cir. 1972) ("blanket statements alleging bad food and miserable living conditions in the prison" were "naked statements [that do not] ordinarily merit Federal court intervention").

18. Further, Plaintiff contends that there was "no medical care." Complaint § III. This vague allegation is insufficient to plead unconstitutional conditions of confinement as to the adequacy of medical care.

19. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). "[T]he Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment" (*Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, substantive due process rights are violated only when the behavior of the government official is so egregious and outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d

Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

20. Applying this principle in the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements to set forth a cognizable cause of action: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

21. Here, Plaintiff's non-specific assertions regarding "no medical care" (Complaint § III) is insufficient to meet this pleading standard. Plaintiff offers no facts to satisfy either of the two prongs required for her a Medical Care Claim. *Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

22. Moreover, to the extent the complaint seeks relief for conditions Plaintiff encountered during periods of confinement ending prior to October 4, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late.[5] Civil rights claims under § 1983 are governed by New Jersey's limitations period for

---

[5] Plaintiff filed this complaint on October 4, 2016.

9

personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

23. Plaintiff alleges the events giving rise to her claims occurred in 2008 to 2010 as well as on August 23, 2015, August 19 to September 7, 2015, and April 12 to June 12, 2016. Complaint § III. The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's claims arising from her 2008 to 2010 incarcerations expired before this complaint was filed in 2016. Plaintiff therefore cannot recover for these claims.[6]

24. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by

---

[6] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[7]

25. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. As discussed above, if Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after October 4, 2014.

26. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of

---

[7] The amended complaint shall be subject to screening prior to service.

the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

27. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim, except that claims arising prior to October 4, 2014, are dismissed with prejudice.

28. An appropriate order follows.

**September 27, 2017**           **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                                   U.S. District Judge